UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DANIEL TAVAREZ,

                       Petitioner,

     -against-

SUPERINTENDENT DALE ARTUS,

                       Respondent.
------------------------------------------------------------X

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
09-CV-3716

**AMON, Chief United States District Judge.**

      Daniel Tavarez, proceeding *pro se*, petitions this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He seeks to vacate his conviction and sentence for Robbery in the First Degree, N.Y. Penal Law § 160.15. Tavarez asserts the following claims: (1) he was denied his due process right to a fair trial when the trial court denied defense counsel's request for an expanded identification jury charge; (2) he was denied his due process right to a fair trial when the trial court permitted two police officers to provide testimony that bolstered the victim's identification of Tavarez; (3) he received ineffective assistance of counsel when his trial counsel failed to object to the bolstering testimony; and (4) his sentence was excessive. For the following reasons, the petition is denied.

## BACKGROUND

### I. Trial and conviction

      The evidence adduced at Taverez's trial established the following facts. On September 23, 2003, at about 12:00 noon, the victim Victor Bravo exited a subway station in Brooklyn, New York. He lit a cigarette and had started to walk down the street when Tavarez approached him and asked for a cigarette. (Trial Tr. 69.) Bravo, who testified that he had never spoken to Tavarez but had seen him in the general vicinity on approximately eight to ten occasions, refused to give Tavarez a cigarette. (Id. at 69-70.) Seconds later, as Bravo continued walking down the same street, Tavarez approached Bravo from behind and stabbed him in the back. (Id. at 71-72.)

1

Tavarez held the knife against Bravo's throat and said that if he could not have a cigarette, Bravo had to give him money. (Id. at 72-73.) Bravo handed over his wallet but requested the return of his identification. (Id. at 73.) Tavarez took the money that Bravo had in his wallet—one twenty-dollar bill and a bunch of single bills—and returned the wallet to Bravo. (Id. at 73-74.)

The police were called by a passerby who came to Bravo's assistance. (Id. at 76.) Bravo described Tavarez's physical appearance and clothing to the responding officer. (Id. at 81.) Ten minutes later, Tavarez was apprehended, one block from the scene of the robbery, attempting to board a bus without waiting on line. (Id. at 121-25, 198.) The arresting officers discovered that he had a dagger tied by its handle to his wrist with what appeared to be blood on the handle. (Id. at 128, 203-205.) He also appeared to have blood stains on the sleeve of his shirt and had a twenty-dollar bill and nine single dollars in his pocket. (Id. at 130, 135, 205.) The arresting officers brought Tavarez to the ambulance where Bravo was being treated, and Bravo identified him as the assailant. (Id. at 84-85.)

Tavarez was convicted of Robbery in the First Degree, N.Y. Penal Law § 160.15. On May 9, 2005, he was sentenced as a persistent violent felony offender to an indeterminate term of imprisonment of twenty-five years to life.

## II. Direct appeal

Tavarez, through assigned appellate counsel, appealed his conviction to the Appellate Division, Second Department. He asserted each of the claims that he now asserts in his federal habeas petition. On October 28, 2008, the Appellate Division affirmed the judgment of conviction. The Appellate Division held:

> Contrary to the defendant's contention, the trial court did not err in declining to issue an expanded identification charge. The identification charge, as given, accurately stated the law (see People v Whalen, 59 NY2d 273, 279, 451 N.E.2d 212, 464 N.Y.S.2d 454; People v Rivera, 259 AD2d 637, 637-638, 687 N.Y.S.2d 390).
>
> The defendant's contention that certain police testimony constituted impermissible bolstering is unpreserved for appellate

2

review, as the defendant never objected to this testimony (see CPL 470.05[2]; People v Vanier, 255 AD2d 610, 680 N.Y.S.2d 877). In any event, the testimony was properly admitted to complete the narrative of events leading to the defendant's arrest (see People v Cato, 287 AD2d 415, 731 N.Y.S.2d 729; People v Vanier, 255 AD2d 610, 680 N.Y.S.2d 877; People v Parris, 247 AD2d 221, 222, 668 N.Y.S.2d 358; People v Cruz, 214 AD2d 952, 626 N.Y.S.2d 920).

The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80, 455 N.Y.S.2d 675).

The defendant's remaining contention is without merit.

People v. Tavarez, 865 N.Y.S.2d 572 (N.Y. App. Div. 2008). The New York Court of Appeals denied leave to appeal on February 6, 2009. People v. Tavarez, 876 N.Y.S.2d 714 (N.Y. 2009).

### III. Federal habeas petition

Tavarez filed his federal habeas petition on August 24, 2009. On October 7, 2009, the Court ordered the respondent to show cause why a writ of habeas corpus should not be issued. The respondent submitted its response to the Court's order to show cause on November 30, 2009.

## STANDARD OF REVIEW

A petitioner in state custody pursuant to a criminal judgment of a state court is entitled to federal habeas relief only if he can establish that he is being confined in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254.

Claims that are presented to the state courts but denied on state procedural grounds are deemed procedurally defaulted and generally cannot support federal habeas relief. Harris v. Reed, 489 U.S. 255, 262 (1989) ("an adequate and independent finding of procedural default will bar federal habeas review of the federal claim").

When a federal claim is properly presented to the state courts and adjudicated against the petitioner on the merits, a petitioner is entitled to federal habeas relief under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) only if the state court decision "was contrary

to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or . . . [was] based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings." 28 U.S.C. § 2254(d); see also Williams v. Taylor, 529 U.S. 362, 405-06 (2000); Henry v. Poole, 409 F.3d 48, 67 (2d Cir. 2005). The Supreme Court has explained the requirements of § 2254(d) as follows:

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

Williams, 529 U.S. at 412-413.

## DISCUSSION

### I. Jury Instructions

Tavarez's sole defense at trial was misidentification. He argues that he was denied his due process right to a fair trial because the trial court failed to give an "expanded identification charge" that gave the jury specific guidelines for evaluating the accuracy and veracity of identification testimony.

The trial court gave a standard jury charge in this case. It included an instruction that it was the government's burden to prove beyond a reasonable doubt that the defendant was the person who committed the crime charged. (Trial Tr. at 298.) The Court also instructed the jury to consider the credibility of the witnesses, including the opportunities the witnesses had to observe the facts about which they testified and the probability or improbability of the witnesses' story. (Id. at 288-89.) On direct appeal, Tavarez acknowledged that the trial court's jury charge accurately stated the law, but argued that the trial court should have given the more detailed charges concerning identification. The Appellate Division rejected this claim, holding that "the trial court did not err in declining to issue an expanded identification charge. The identification charge, as given, accurately stated the law." People v. Tavarez, 865 N.Y.S.2d at 572.

4

"'[I]n order to obtain a writ of habeas corpus in federal court on the ground of error in a state court's instructions to the jury on matters of state law, the petitioner must show not only that the instruction misstated the law but also that the error violated a right guaranteed to him by federal law.'" Davis v. Strack, 270 F.3d 111, 123 (2d Cir. 2011) (quoting Casillas v. Scully, 769 F.2d 60, 63 (2d Cir. 1985)). A trial court has broad discretion to determine when a jury charge is necessary, and a petitioner is entitled to relief under this standard only if the erroneous jury charge "'so infected the entire trial that the resulting conviction violates due process.'" Bell v. Ercole, 631 F. Supp. 2d 406, 416 (S.D.N.Y. 2009) (quoting Estelle v. McGuire, 502 U.S. 62, 71 (1991)). A petitioner's burden is especially heavy when he is complaining about an omission from a charge, rather than a misstatement in the charge. Henderson v. Kibbe, 431 U.S. 145, 155 (1977) ("An omission, or an incomplete instruction, is less likely to be prejudicial than a misstatement of the law.").

Tavarez fails to establish that the jury charge given by the trial court violated state law, much less that it "so infected the entire trial" as to give rise to a due process violation. Under New York law, an expanded identification charge is appropriate where there the issue of identity is a close question. See People v. Rogers, 245 A.D.2d 1041, 1041 (N.Y. App. Div. 1997) ("Because defendant did not offer an alibi defense and this case does not present a 'close question of identity', the court did not err in denying defendant's request for an expanded identification charge.") (quoting People v. Perez, 77 N.Y.2d 928 (N.Y. 1991)). Having reviewed the trial record, the Court finds that this case did not present a close question about identification: Tavarez did not present an alibi defense; he was apprehended one block from the scene of the crime trying to board a bus without waiting on line; and he possessed a knife and the same denomination of cash that was stolen from the victim. Moreover, defense counsel had the opportunity to cross-examine the victim extensively about his opportunities to observe Tavarez both during the robbery and on prior occasions. Tavarez has wholly failed to meet his burden of showing that the omission of an expanded identification jury charge deprived him of due

process. See Singleton v. Giambruno, 2009 WL 2959533, at *2 (W.D.N.Y. 2009) (denying habeas petition based on trial court's failure to give expanded identification charge where "case was not an alibi case, and did not present a close call of identity to warrant the expanded charge"). Accordingly, Tavarez is not entitled to relief on this claim.

## II. Bolstering testimony

Tavarez next claims that he was denied his due process right to a fair trial when the trial court permitted two police officers to testify about the facts surrounding the victim's on-scene identification of Tavarez. Tavarez argues that this improperly bolstered the victim's identification of Tavarez as the robber.

The Appellate Division concluded on direct appeal that Taverez's "contention that certain police testimony constituted impermissible bolstering is unpreserved for appellate review, as the defendant never objected to this testimony." People v. Tavarez, 865 N.Y.S.2d at 932. The Appellate Division further held that "[i]n any event, the testimony was properly admitted to complete the narrative of events leading to the defendant's arrest." Id.

As an initial matter, the Appellate Division's rejection of this claim based on an independent and adequate state procedural ground precludes federal habeas review of this claim. Harris v. Reed, 489 U.S. 255, 262 (1989); Richardson v. Greene, 497 F.3d 212, 217-220 (2d Cir. 2007) (holding that New York's preservation rule constitutes an independent and adequate state ground). Tavarez has failed to advance any argument regarding cause for the procedural default or suggesting that a fundamental miscarriage of justice would occur if his claim is not addressed. Thus, the Court finds this claim barred by the procedural default doctrine. Silent v. Perlmann, 2008 WL 5113418, at *7 (E.D.N.Y. 2008) (where "petitioner does not offer any information regarding cause for the default or a miscarriage of justice, the claim should be precluded").

Even assuming Tavarez's claim is not procedurally barred, the Appellate Division's alternative holding that the claim lacks merit was not contrary to or an unreasonable application of clearly established federal law. "State court application of state evidentiary rules, even if error

as a matter of state law, generally will not warrant federal habeas relief." Moore v. Ercole, 2012 WL 407084, at *9 (E.D.N.Y. 2012) (citing Estelle v. McGuire, 502 U.S. 62, 67 (1991)). "Courts in this Circuit have repeatedly held that a claim of impermissible bolstering, although recognized under New York law, is not a cognizable basis for habeas relief." Id. (collecting cases); see also Roman v. Filion, 2005 WL 1383167, at *25 n. 41 (S.D.N.Y. 2005) ("a claim that a witness' testimony constituted improper bolstering does not present a federal constitutional claim cognizable on habeas corpus"); Diaz v. Greiner, 110 F. Supp. 2d 225, 234 (S.D.N.Y. 2000) (same).

Finally, even if a bolstering claim could present a cognizable basis for federal habeas relief, the testimony challenged by Tavarez did not constitute "bolstering" as that term is interpreted under New York law. The police officers described bringing Tavarez over to the ambulance before they took him to the precinct, but they did not repeat to the jury that the victim identified Tavarez at the ambulance. See People v. Martinez, 298 A.D.2d 897, 899 (N.Y. App. Div. 2002) (holding that the defendant's bolstering claim was "without merit because the officers did not testify concerning the complainant's identification of defendant"). The testimony appropriately corroborated the victim's recollections about the ambulance visit and completed the narrative of what occurred on the street that evening. See People v. Cruz, 214 A.D.2d 952, 952 (N.Y. App. Div. 1995) (rejecting bolstering claim where "officers' testimony corroborated that eyewitness's testimony and merely served as a necessary narrative of events leading to defendant's arrest" (quotation marks omitted)). Accordingly, Tavarez is not entitled to relief on this claim.

### III. Ineffective assistance of counsel

Tavarez argues that his trial counsel was ineffective for failing to object to the allegedly bolstering testimony of the police officers that was allowed at trial. As explained herein, however, the Court finds that the challenged testimony was not improper bolstering, but instead appropriately completed the narrative of what occurred on the evening of the robbery. Because

7

trial counsel would not have succeeded in challenging the admissibility of this testimony, he did not provide ineffective assistance of counsel by failing to object at trial. See Gueits v. Kirkpatrick, 612 F.3d 118, 124 (2d Cir. 2010) (denying ineffective assistance claim based on counsel's failure to lodge an objection that would have been overruled by the trial court); United States v. Abad, 514 F.3d 271, 276 (2d Cir. 2008) (holding that counsel could not "have been ineffective for failing to make a motion that would have been futile"); Reyes v. Cunningham, 2009 WL 1146432, at *12 (S.D.N.Y. 2009) (denying ineffective assistance based on counsel's failure to raise futile objection to admissible testimony). Accordingly, Tavarez is not entitled to relief on this claim.

## IV. Excessive sentence

Finally, Tavarez argues that his sentence of 25 years to life was excessive in light of his history of mental illness, including paranoid schizophrenia, depression, suicidal behavior, and borderline mental retardation. However, as Tavarez conceded on direct appeal, the trial court imposed the maximum sentence permitted under New York law for a persistent violent felony offender convicted of robbery in the first degree. See N.Y. Penal Law §§ 70.02(1)(a), 70.08(2)-(3). It is well-established in this Circuit that a defendant who was sentenced within the range prescribed by state statutory law is not eligible for federal habeas relief. See White v. Keane, 969 F.2d 1381, 1382 (2d Cir. 1992) ("No federal constitutional issue is presented where, as here, the sentence is within the range prescribed by state law."); Williams v. Commissioner NYS DOC, 2011 WL 5301766, at *20 (S.D.N.Y. 2011) ("'There is only a constitutional issue subject to habeas review when the sentence falls outside the state statutory range.'" (quoting Dotson v. Artus, 2010 WL 3825731, at *2 (S.D.N.Y. 2010)). Accordingly, Tavarez is not entitled to relief on this claim.

## CONCLUSION

In sum, the petitioner has not met his burden of establishing that the state court's denial of his various claims for relief was "was contrary to, or involved an unreasonable application of,

clearly established federal law." 28 U.S.C. § 2254(d). Accordingly, the habeas petition is denied. No certificate of appealability shall issue because there has been no "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c). The Clerk of Court is directed to enter judgment and to close this case.

SO ORDERED.

Dated: Brooklyn, N.Y.
July 10, 2012

/S/

Carol Bagley Amon
United States District Judge